UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
NAUTILUS INSURANCE COMPANY,

        Plaintiff,

- against -

JAMES RIVER INSURANCE COMPANY and MAIN STREET AMERICA ASSURANCE COMPANY,

        Defendants.
-------------------------------------------------------------------X

Docket No.:

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, NAUTILUS INSURANCE COMPANY, by its attorneys, WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY LLP, as and for its Complaint against the Defendants, JAMES RIVER INSURANCE COMPANY and MAIN STREET AMERICA ASSURANCE COMPANY, alleges upon information and belief as follows:

**THE PARTIES**

1. Plaintiff, NAUTILUS INSURANCE COMPANY ("Nautilus"), is an Arizona corporation that is an eligible surplus lines insurer within the State of New York, with its principal place of business located in Arizona.

2. Upon information and belief, Defendant, JAMES RIVER INSURANCE COMPANY ("James River Insurance"), is an Ohio corporation that is registered to do business as an insurance company within the State of New York, with its principal place of business located in Virginia.

3. Upon information and belief, Defendant, MAIN STREET AMERICA ASSURANCE COMPANY ("Main Street Assurance"), is a Florida corporation that is registered

to do business as an insurance company within the State of New York, with its principal place of business located in New Hampshire.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction due to the diversity of citizenship of the parties and the amount in controversy is in excess of $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. Section 1332.

5.     Venue is proper in this district pursuant to 28 U.S.C. Section 1391 in that James River Insurance and Main Street Assurance conduct business in this district, the claims at issue arose in this district, and the related litigation Roberto Rodriguez v. Villagefh LLC and SMI Construction Management, Inc., Index No. 154863/2018 (the "Rodriguez action"), is venued within this district.

6.     An actual, justiciable controversy exists between the parties on the scope of coverage afforded under insurance policies issued by James River Insurance and Main Street Assurance for the claims asserted against Villagefh LLC ("Village FH") and SMI Construction Management, Inc. ("SMI Construction") in the Rodriguez action.

7.     Circumstances exist that justify the determination by this Court, pursuant to 28 U.S.C. Section 2201, of the rights and obligations of the parties pursuant to policies of insurance issued by James River Insurance and Main Street Assurance, a determination that will be beneficial to Nautilus, James River Insurance and Main Street Assurance.

8.     Nautilus has no adequate remedy at law.

## THE RODRIGUEZ ACTION

9.     The Rodriguez action was filed on May 23, 2018 and seeks damages for injuries allegedly sustained by Roberto Rodriguez on September 13, 2016 when he was caused to fall off a makeshift plank/walkway carrying a bucket of construction debris while working for Jovin Demo

New York Inc. ("Jovin Demo") at a construction project located at 27 Christopher Street, New York, New York.

10. A copy of the Rodriguez action Complaint is attached as **Exhibit "1."**

11. On August 7, 2019, Defendant Village FH filed a Third-Party Complaint against Jovin Demo.

12. On September 12, 2019, Defendant Village FH withdrew the third-party action against Jovin Demo.

13. On June 30, 2020, Defendants Village FH and SMI Construction filed a corrected Second Third-Party Complaint against Donato Inc. ("Donato") and Interior Rock Inc. ("Interior Rock") seeking a defense and contractual indemnification and common law indemnification and contribution, and damages for breach of contract, alleging that Mr. Rodriguez's injuries were caused by Donato's and Interior Rock's negligence.

14. A copy of the Second Third-Party Complaint is attached as **Exhibit "2."**

15. On October 25, 2021, the parties filed a Stipulation Of Discontinuance for the second third-party action against Donato only.

16. The Plaintiff, Village FH, SMI Construction and Interior Rock filed motions for summary judgment in the Rodriguez action.

17. On April 1, 2024, the Court severed and dismissed all claims against Village FH.

18. A copy of the April 1, 2024, Decision + Order On Motion ("Decision") is attached as **Exhibit "3."**

19. The Court granted certain limited aspects of SMI Construction's motion with respect to Labor Law § 241(6) and also dismissed the failure to procure insurance claim against Interior Rock, however, the Court denied all other motions for summary judgment.

20. After the Decision, SMI Construction and Interior Rock are the only remaining Defendants in the Rodriguez action.

## THE NAUTILUS
## PRIMARY POLICY ISSUED TO JOVIN DEMO

21. Nautilus issued to Jovin Demo Environmental Combined Policy number ECP2012206-12, effective June 28, 2016 to June 28, 2017 (the "Nautilus Policy").

22. A copy of the Nautilus Policy is attached as **Exhibit "4."**

23. Nautilus has defended Village FH and is currently defending SMI Construction in the Rodriguez action as additional insureds under the Nautilus Policy.

## THE JAMES RIVER INSURANCE
## PRIMARY POLICY ISSUED TO INTERIOR ROCK

24. James River Insurance issued to Interior Rock Commercial General Liability policy number 00072827-0, effective July 13, 2016 to July 13, 2017 (the "James River Policy"), with limits of insurance of $1 million Each Occurrence Limit/$2 million General Aggregate Limit (other than Products-Completed Operations).

25. A copy of the James River Policy is attached as **Exhibit "5."**

26. The James River Policy provides Commercial General Liability coverage on ISO Form CG 00 01 12 07.

27. The James River Policy contains the "**ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – SCHEDULED PERSON OR ORGANIZATION**" endorsement (Form CG 20 10 07 04) ("James River Additional Insured Endorsement") that provides:

> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A. Section II - Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

    a. Your acts or omissions; or

    b. The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured(s) at the locations designated above.

* * *

28. The James River Additional Insured Endorsement provides additional insured coverage "Where Required By Written Contract Or Agreement" for "All Projects Of The Named Insureds."

29. The James River Policy "Other Insurance" provision states:

**4. Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A or B of this Coverage Part, our obligations are limited as follows:

**a. Primary Insurance**

This insurance is primary except when Paragraph b. below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in Paragraph c. below.

**b. Excess Insurance**

(1) This insurance is excess over:

(a) Any of the other insurance, whether primary, excess, contingent or on any other basis:

(i) That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work";

> (ii) That is Fire insurance for premises rented to you or temporarily occupied by you with permission of the owner;
>
> (iii) That is insurance purchased by you to cover your liability as a tenant for "property damage" to premises rented to you or temporarily occupied by you with permission of the owner; or
>
> (iv) If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to Exclusion g. of Section I – Coverage A – Bodily Injury And Property Damage Liability.
>
> (b) Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured by attachment of an endorsement.

* * *

30. The James River Policy contains the "**PRIMARY AND NON CONTRIBUTORY ENDORSEMENT**" (Form AP5031US 04-10) that states:

> Any coverage provided to an Additional Insured under this policy shall be excess over other valid and collectible insurance available to such Additional Insured whether primary, excess, contingent or on any other basis unless a written contract or written agreement specifically requires that this insurance apply on a primary and noncontributory basis.

<b><u>THE MAIN STREET ASSURANCE<br>PRIMARY POLICY ISSUED TO INTERIOR ROCK</u></b>

31. Main Street Assurance issued to Interior Rock Businessowners Policy number MPU0786K, effective April 4, 2016 to April 4, 2017 (the "Main Street Policy"), with limits of insurance of $2 million Each Occurrence Limit/$6 million General Aggregate Limit (other than Products-Completed Operations).

32. A copy of the Main Street Policy is attached as **Exhibit "6."**

33. The Main Street Policy provides Businessowners Coverage on Form BPM P 2 1207 as modified by "**NEW YORK CHANGES**" endorsement (Form BPM 2104 07 09).

34. The Main Street Policy contains the "**CONTRACTORS EXTENSION ENDORSEMENT**" (Form BPM 3105 1207) ("Main Street Policy Additional Insured Endorsement") that adds to paragraph "**C. Who Is An Insured** of **BPM P 2 – Section II – Liability**" the following:

> 1. Any person(s) or organization(s) for whom you are performing operations is also an additional insured, when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy.  Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage", "personal and advertising injury" caused in whole or part, by:
>
> a. Your acts or omissions; or
>
> b. The acts or omissions of those acting on your behalf;
>
> In the performance of your ongoing operations or "your work" included within the "products-completed operations" hazard for the additional insured at the location designated and described in the written contract or agreement.

\* \* \*

35. The Main Street Policy Additional Insured Endorsement adds the following to paragraph "**H. Other Insurance** of **BPM P 3 – Section III – Common Policy Conditions**":

\* \* \*

> Primary Additional Insured -- If a written contract or agreement or permit requires this insurance to be primary for any person or organization with whom you agree to include in **paragraph C. Who Is An Insured of BPM P 2 ---- Section II ---- Liability**, this Other Insurance provision is applicable.  This insurance is primary.  This insurance is also noncontributory which means we will not seek contribution from other insurance available to the person or

organization with whom you agree to include in **Who Is An Insured**.

## THE SMI CONSTRUCTION-INTERIOR ROCK CONTRACT

36. On or about May 4, 2016, SMI Construction as the "contractor" and Interior Rock as the "subcontractor" executed a subcontract agreement ("SMI Construction-Interior Rock Contract") that requires Interior Rock to include Village FH (as the Owner) and SMI Construction (as the Contractor) as additional insureds to its liability policies and that the liability policies issued to Interior Rock are primary to all coverage issued to Village FH and SMI Construction and that insurance policies maintained by SMI Construction are excess only and shall not be called upon to contribute.

37. A copy of the SMI Construction-Interior Rock Contract is attached as **Exhibit "7."**

## TENDER AND DENIAL OF DEFENSE AND INDEMNITY COVERAGE

38. By correspondence dated April 28, 2020, counsel for Village FH and SMI Construction tendered a claim for defense and indemnification to Interior Rock for the Rodriguez action.

39. A copy of the April 28, 2020 tender letter is attached as **Exhibit "8."**

40. By correspondence dated May 29, 2020, James River Insurance denied Village FH's and SMI Construction's request for a defense and indemnification under the James River Policy and denied Village FH's and SMI Construction's request for additional insured status.

41. A copy of the James River Insurance May 29, 2020 letter is attached as **Exhibit "9."**

42. Upon information and belief, by correspondence dated April 28, 2020, counsel for Village FH and SMI Construction tendered a claim for defense and indemnification for the Rodriguez action to The Main Street America Group.

43. There has been no response to the tender to Main Street America Group.

44. To date, James River Insurance and Main Street Assurance have not acknowledged their contractual obligation to provide a defense and indemnity to Village FH and SMI Construction for the claims asserted in the Rodriguez action.

## FIRST CAUSE OF ACTION AGAINST
## JAMES RIVER INSURANCE FOR DECLARATORY JUDGMENT

**(Duty to Defend)**

45. Nautilus repeats, reiterates and realleges each and every allegation contained in paragraphs "1" to "44" of this Complaint as if fully set forth herein.

46. This claim for declaratory judgment is brought as there is an actual and justiciable controversy between Nautilus and James River Insurance as to whether Village FH and SMI Construction are entitled to additional insured coverage under the James River Policy for the claims asserted in the Rodriguez action.

47. Nautilus has no adequate remedy at law.

48. Village FH and SMI Construction are additional insureds under the James River Policy for the claims asserted in the Rodriguez action.

49. James River Insurance has a duty to defend Village FH and SMI Construction as additional insureds in the Rodriguez action.

50. Village FH's and SMI Construction's defense in the Rodriguez action was properly tendered to James River Insurance.

51. James River Insurance improperly denied a defense to Village FH and SMI Construction in the Rodriguez action.

52. Nautilus has been damaged by James River Insurance's improper denial of additional insured coverage to Village FH and SMI Construction.

53. Despite the attempts made to obtain additional insured coverage under the James River Policy for the claims asserted in the Rodriguez action, James River Insurance has improperly refused to defend Village FH and SMI Construction in the Rodriguez action.

54. James River Insurance is obligated to pay its share of Village FH's and SMI Construction's attorney's fees and costs to defend the Rodriguez action.

55. James River Insurance's failure to defend Village FH and SMI Construction as additional insureds under the James River Policy has created a dispute as to coverage with respect to the liability claims asserted against Village FH and SMI Construction in the underlying Rodriguez action, warranting a declaratory judgment from the Court.

56. Pursuant to the foregoing, Nautilus is entitled to a declaratory judgment that:

    (a) Village FH and SMI Construction are additional insureds under the James River Policy for the claims asserted in the Rodriguez action;

    (b) James River Insurance is obligated to pay Village FH's and SMI Construction's attorney's fees and costs to defend the Rodriguez action as additional insureds under the James River Policy;

    (c) James River Insurance is obligated to reimburse Nautilus for the attorneys' fees and costs that should have been paid by James River Insurance to defend Village FH and SMI Construction in the Rodriguez action; and,

    (d) Such other and further relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION AGAINST
## JAMES RIVER INSURANCE FOR DECLARATORY JUDGMENT

### (Duty to Indemnify)

57. Nautilus repeats, reiterates and realleges each and every allegation contained in paragraphs "1" to "56" of this Complaint as if fully set forth herein.

58. SMI Construction is an additional insured under the James River Policy for the claims asserted in the Rodriguez action.

59. James River Insurance has a duty to acknowledge its indemnity obligation to SMI Construction in the Rodriguez action as an additional insured under the James River Policy.

60. The indemnification of SMI Construction in the Rodriguez action was properly tendered to James River Insurance.

61. Nautilus has been damaged by James River Insurance's refusal to acknowledge its indemnity obligation to SMI Construction.

62. Despite the attempts made to obtain additional insured coverage under the James River Policy for the claims asserted in the Rodriguez action, James River Insurance has improperly refused to acknowledge its indemnity obligation for the claims asserted against SMI Construction in the Rodriguez action.

63. James River Insurance's failure to acknowledge its indemnity obligation to SMI Construction as an additional insured under the James River Policy has created a dispute as to coverage with respect to the liability claims asserted against SMI Construction in the underlying Rodriguez action, warranting a declaratory judgment from the Court.

64. Pursuant to the foregoing, Nautilus is entitled to a declaratory judgment that:

    (a) SMI Construction is an additional insured under the James River Policy for the claims asserted in the Rodriguez action;

(b) James River Insurance is obligated to acknowledge its indemnity obligation for the claims asserted against SMI Construction in the <u>Rodriguez</u> action; and,

(c) Such other and further relief as the Court deems just and proper.

### THIRD CAUSE OF ACTION AGAINST<br><u>JAMES RIVER INSURANCE FOR BREACH OF CONTRACT</u>

65. Nautilus repeats, reiterates and realleges each and every allegation contained in paragraphs "1" to "64" of this Complaint as if fully set forth herein.

66. James River Insurance has breached its obligation to SMI Construction as an additional insured under the James River Policy by failing to accept and acknowledge coverage to SMI Construction regarding indemnity costs for the claims asserted in the <u>Rodriguez</u> action.

67. As a result of James River Insurance's breach of the James River Policy, Nautilus is entitled to a judgment in an amount to be determined at trial, including all costs and attorney's fees in this action, together with such other and further relief as the Court deems just and proper.

### FOURTH CAUSE OF ACTION AGAINST<br><u>MAIN STREET ASSURANCE FOR DECLARATORY JUDGMENT</u>

**(Duty to Defend)**

68. Nautilus repeats, reiterates and realleges each and every allegation contained in paragraphs "1" to "67" of this Complaint as if fully set forth herein.

69. This claim for declaratory judgment is brought as there is an actual and justiciable controversy between Nautilus and Main Street Assurance as to whether Village FH and SMI Construction are entitled to additional insured coverage under the Main Street Policy for the claims asserted in the <u>Rodriguez</u> action.

70. Nautilus has no adequate remedy at law.

71. Village FH and SMI Construction are additional insureds under the Main Street Policy for the claims asserted in the Rodriguez action.

72. Main Street Assurance has a duty to defend Village FH and SMI Construction as additional insureds in the Rodriguez action.

73. Village FH's and SMI Construction's defense in the Rodriguez action was properly tendered to Main Street Assurance.

74. By not responding to the April 28, 2020 tender, Main Street Assurance improperly denied a defense to Village FH and SMI Construction in the Rodriguez action.

75. Nautilus has been damaged by Main Street Assurance's improper denial of additional insured coverage to Village FH and SMI Construction.

76. Despite the attempts made to obtain additional insured coverage under the Main Street Policy for the claims asserted in the Rodriguez action, Main Street Assurance has improperly refused to defend Village FH and SMI Construction in the Rodriguez action.

77. Main Street Assurance is obligated to pay its share of Village FH's and SMI Construction's attorney's fees and costs to defend the Rodriguez action.

78. Main Street Assurance's failure to defend Village FH and SMI Construction as additional insureds under the Main Street Policy has created a dispute as to coverage with respect to the liability claims asserted against Village FH and SMI Construction in the underlying Rodriguez action, warranting a declaratory judgment from the Court.

79. Pursuant to the foregoing, Nautilus is entitled to a declaratory judgment that:

    (a) Village FH and SMI Construction are additional insureds under the Main Street Policy for the claims asserted in the Rodriguez action.

(b) Main Street Assurance is obligated to pay Village FH's and SMI Construction's attorney's fees and costs to defend the <u>Rodriguez</u> action as additional insureds under the Main Street Policy;

(c) Main Street Assurance is obligated to reimburse Nautilus for the attorneys' fees and costs that should have been paid by James River Insurance to defend Village FH and SMI Construction in the <u>Rodriguez</u> action; and,

(d) Such other and further relief as the Court deems just and proper.

**FIFTH CAUSE OF ACTION AGAINST
<u>MAIN STREET ASSURANCE FOR DECLARATORY JUDGMENT</u>
(Duty to Indemnify)**

80. Nautilus repeats, reiterates and realleges each and every allegation contained in paragraphs "1" to "79" of this Complaint as if fully set forth herein.

81. SMI Construction is an additional insured under the Main Street Policy for the claims asserted in the <u>Rodriguez</u> action.

82. Main Street Assurance has a duty to acknowledge its indemnity obligation to SMI Construction in the <u>Rodriguez</u> action as an additional insured under the Main Street Policy.

83. The indemnification of SMI Construction in the <u>Rodriguez</u> action was properly tendered to Main Street Assurance.

84. Nautilus has been damaged by Main Street Assurance's refusal to acknowledge its indemnity obligation to SMI Construction.

85. Despite the attempts made to obtain additional insured coverage under the Main Street Policy for the claims asserted in the <u>Rodriguez</u> action, Main Street Assurance has improperly refused to acknowledge its indemnity obligation for the claims asserted against SMI Construction in the <u>Rodriguez</u> action.

86. Main Street Assurance's failure to acknowledge its indemnity obligation to SMI Construction as an additional insured under the Main Street Policy has created a dispute as to coverage with respect to the liability claims asserted against SMI Construction in the underlying Rodriguez action, warranting a declaratory judgment from the Court.

87. Pursuant to the foregoing, Nautilus is entitled to a declaratory judgment that:

    (a) SMI Construction is an additional insured under the Main Street Policy for the claims alleged in the Rodriguez action;

    (b) Main Street Assurance is obligated to acknowledge its indemnity obligation for the claims alleged against SMI Construction in the Rodriguez action; and,

    (c) Such other and further relief as the Court deems just and proper.

### SIXTH CAUSE OF ACTION AGAINST MAIN STREET ASSURANCE FOR BREACH OF CONTRACT

88. Nautilus repeats, reiterates and realleges each and every allegation contained in paragraphs "1" to "87" of this Complaint as if fully set forth herein.

89. Main Street Assurance has breached its obligation to SMI Construction as an additional insured under the Main Street Policy by failing to accept and acknowledge coverage to SMI Construction regarding indemnity costs for the claims asserted in the Rodriguez action.

90. As a result of Main Street Assurance's breach of the Main Street Policy, Nautilus is entitled to a judgment in an amount to be determined at trial, including all costs and attorney's fees in this action, together with such other and further relief as the Court deems just and proper.

**WHEREFORE**, Plaintiff, Nautilus Insurance Company, demands judgment against Defendants, James River Insurance Company and Main Street America Assurance Company, on

each and every Cause of Action, together with such other and further relief as this Court deems just and proper.

Dated: October 3, 2025

                                                 Yours, etc.
**WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY LLP**

                                                 _____
Neil L. Sambursky (NS-8520)
Chris J. Fichtl (CF-2804)
Attorneys for Plaintiff
NAUTILUS INSURANCE COMPANY
501 Franklin Avenue, Suite 100
Garden City, New York 11530
Phone: (516) 408-2422
WG File No.: 0213897